Plaintiff-appellant Brubaker appeals the trial court's granting summary judgment to defendants-appellees Shafran Himmel, L.P.A. as well as Gary Himmel individually in this legal malpractice case.[1]
 Appellant Brubaker was seriously injured at work when a spinning machine threw off a piece of metal, hitting him in the face. He suffered a brain injury, lost vision in one eye, and had extensive surgery using eight titanium plates to put his facial bones back together. He initially contracted with the law firm of Jeffries, Kube, Forrest 
Monteleone to represent him in his product liability case against the manufacturer of the spinning machine and the intentional tort claim against his employer. Brubaker testified in an affidavit that he was contacted by an attorney, Mike Shafran, who told him that Shafran and his partner would be better able to represent him in this case because of their extensive experience with this sort of case.[2] Brubaker then discharged his original attorneys and signed a contract with Shafran 
Associates on May 10, 1995.
Attorney Himmel had formed a partnership with Shafran solely to work on DES cases. This brief partnership was officially dissolved on May 1, 1995, ten days prior to Shafran's contract with Brubaker. Shafran and Himmel have always each maintained separate offices and separate practices apart from the shared DES cases.
Shafran did not inform Brubaker that his case had been dismissed and refiled once, did not inform Brubaker of the trial date, did not show up for trial, and did not consult Brubaker prior to settling the case. Brubaker timely filed suit for legal malpractice. He initially sued two partnerships which Shafran had belonged to, but later dismissed one of them.[3] The suit remained against the partnership of Shafran Himmel and the individual attorney Himmel. These defendants prevailed on their joint summary judgment motion, and Brubaker filed this appeal.
Appellant calls his assignment of error a Proposition of Law, which states
 THE TRIAL COURT ERRED IN HOLDING THAT A PARTNERSHIP'S LIABILITIES CEASE AS A MATTER OF LAW UPON DISSOLUTION OF THE PARTNERSHIP, PARTICULARLY WHERE A QUESTION OF FACT EXISTS AS TO WHETHER A VALID DISSOLUTION OCCURRED.
Brubaker includes under this proposition of law the following issues:
 1. Whether the trial court erred in granting summary judgment in clear contravention of the express language of R.C. 1775.34 and .35, which extends partnership liability beyond the date on which a partnership is dissolved?
 2. Whether the trial court erred in resolving questions of fact in favor of the party moving for summary judgment?
The trial court's judgment entry states
Defendant's [sic] motion for summary judgment is granted.
 The partnership dissolved on 5-1-95, [sic] therefore, defendant never consented so as to trigger a partnership by estoppel. Final.
The parties argue different theories of the case: Brubaker claims that although the partnership formally dissolved on May 1, 1995, because he had not been informed of the dissolution, Himmel and the partnership remain responsible for the actions of Shafran. Himmel and the partnership,[4] on the other hand, argue that once the partnership terminated, the only reliance Brubaker could allege is partnership by estoppel. Under either theory, Brubaker has not produced evidence to support liability on the part of Himmel or the partnership.
 THE PARTNERSHIP A. PARTNERSHIP BY ESTOPPEL
First, it should be noted that Brubaker presents no evidence to support his allegation that the dissolution of the partnership was not valid. Rather, Brubaker alleges that the liabilities of a partnership survive the dissolution of that partnership when a party who is unaware of the dissolution relies on the existence of the partnership to his detriment.
R.C. 1775.34 states
 (A) [a]fter dissolution a partner can bind the partnership
 (1) [b]y any transaction which would bind the partnership if dissolution had not taken place, providing the other party to the transaction * * *
 (b) * * * had * * * known of the partnership prior to the dissolution, and having no knowledge or notice of the dissolution, the fact of the dissolution had not been advertised in a newspaper of general circulation in the place * * * at which the partnership business was regularly carried on. (Emphasis added.)
Brubaker claims, therefore, that the firm of Shafran Himmel is liable to him for Shafran's malpractice, even though that partnership was dissolved ten days before he contracted with Shafran. This argument fails, first, because Brubaker testified that not only was he not aware of the specific partnership of Shafran Himmel prior to the dissolution, he was not aware of it for two years after signing a contract with Shafran Associates. Brubaker testified that the first time he ever heard of the firm of Shafran Himmel was in 1997 when he wrote the check for expenses.[5] Obviously, Brubaker's lack of knowledge precludes (A)(1)(b) of R.C. 1775.34 from applying to his purported relationship with Himmel.
Additionally, the only reliance Brubaker can point to is his assumption that because Shafran told him that he and his partner were experienced at injury cases, he assumed that someone other than Shafran was also working on the case. The only evidence he can point to that Himmel was part of that partnership is the fact that in 1995 and 1996 the yellow pages in the phone book listed Shafran Himmel. Himmel testified, however, that he did not know that this listing existed and he had not authorized it.
 Unfortunately, Himmel failed to publicly announce the dissolution of the partnership. He notified all the actual clients of the partnership, the DES clients, but did not publish the fact. Brubaker relies on this failure to notify the public to justify his reliance on the firm.
Although Himmel failed to properly publish notice of the dissolution of the partnership, Brubaker has not proven that he relied specifically on the firm of Shafran Himmel. His testimony shows only that he relied on Shafran's claim he would provide superior representation in Brubaker's case because of the involvement of a vague, unnamed partner. Only in retrospect did Brubaker decide that the nebulous partner must have been Himmel and therefore the partnership which represented him must have been Shafran Himmel. Brubaker, therefore, has failed to show the necessary reliance.
Brubaker also states in his brief that the trial court erred in granting summary judgment, because R.C. 1775.35 extends partnership liability beyond the date on which a partnership is dissolved[.] Brubaker misinterprets R.C. 1775.35, which addresses when a dissolution discharges the existing liability of partner. This section addresses only obligations and liabilities of a partnership which exist at the time the dissolution takes place. R.C. 1775.35 states in part
 (A) The dissolution of the partnership does not of itself discharge the existing liability of any partner.
The formal written dissolution of the partnership is dated May 1, 1995. Brubaker did not become Shafran's client until May 10, 1995. This section of the code, therefore, does not apply to any liability incurred as a result of Brubaker's case, because the case was not an existing liability at the time of the dissolution.
 B. WHETHER THERE ARE ANY ISSUES OF FACT
Brubaker's second issue under his proposition of law addresses the trial court's resolving questions of fact in favor of the party moving for summary judgment[.] (Appellant's Brief at iii.) Despite this assignment of error, Brubaker has not shown that the trial court decided any questions of fact. No relevant facts were presented to support Brubaker's claim of estoppel. The only evidence Brubaker presented to support the existence of the firm after the date of dissolution was a phone book listing, which he admitted he did not rely on, and an insurance policy for the firm, which he did not testify had any bearing on his reliance on Shafran's assurance of a partnership.
Because Himmel never worked on Brubaker's case, never implied that he had worked on the case, and was no longer partnered with Shafran when Brubaker hired Shafran, we find that the firm of Shafran Himmel never represented or purported to represent Brubaker.
 HIMMEL INDIVIDUALLY
Appellant provides no evidence to support a legal malpractice claim against Himmel. Brubaker stated in his deposition that the first time he heard Himmel's name was in April of 1997, when Shafran asked him to make out a check to Shafran Himmel for expenses. Shafran had already failed to appear at trial by January 1997, and the case had been dismissed with prejudice. Brubaker could not say that he had ever met or spoken to Himmel, and he acknowledged that the contract he had signed was with Shafran Associates. Brubaker testified at deposition that he had assumed that an associate and a partner were the same, and that he relied on Shafran's claim that he and his partner were experienced at claims like Brubaker's. Although Brubaker stated that he had been introduced to an older grey-haired gentleman at his first meeting with Shafran, he could not identify this person and he does not remember his name.[6]
None of the evidence Brubaker has presented even remotely indicates an attorney-client relationship between Brubaker and Himmel. Himmel never advised Brubaker on any legal issues, was never paid by Brubaker, and never invoked his trust. In fact, Himmel testified that he had never heard of Brubaker prior to this suit. See Riley v. Clark (Nov. 10, 1999), Scotio App. No. 98CA2629, unreported, 1999 Ohio App. LEXIS 5436. The record shows that nothing Himmel or the firm of Shafran Himmel did or did not do had any effect on Brubaker or his suit.
The judgment of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., and JAMES M. PORTER, J., CONCUR.
[1] Attorney Shafran was not sued individually because he is in bankruptcy.
[2] At this time, Shafran did not name his partner to Brubaker. Brubaker testified that he never heard the name Himmel until 1997, when Shafran asked Brubaker to make out a check to Shafran Himmel to cover expenses.
[3] The law firm of Shafran, Zapka Leuchtag Co., L.P.A. was dismissed without prejudice on Aug. 23, 1999.
[4] Defendants Shafran Himmel, along with Gary Himmel individually, filed this motion jointly.
[5] Shafran later endorsed Himmel's name on the check and deposited it in his personal account.
[6] At the time of Brubaker's first meeting with Shafran, Himmel was 39 years old.